**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DARON STAMPS, | ) | NO. CV 16-1042-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on February 16, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on March 25, 2016. Plaintiff filed a motion for summary judgment on December 30, 2016. Defendant filed a motion for summary judgment on January 30, 2017. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed February 17, 2016.

///

///

**BACKGROUND**

Plaintiff asserted disability since December 21, 2011, based primarily on alleged pain (Administrative Record ("A.R.") 46, 51-52, 117-25, 146). An Administrative Law Judge ("ALJ") reviewed the medical record and heard testimony from Plaintiff, a medical expert and a vocational expert (A.R. 29-280). The ALJ found Plaintiff has severe "osteoarthritis of the left knee," "gunshot wound in the left forearm," and "tendonitis of the left wrist" (A.R. 34). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform his past relevant work, as well as other jobs existing in significant numbers in the national economy (A.R. 34-39). The ALJ deemed Plaintiff's contrary testimony not credible (A.R. 35-37). The Appeals Council considered additional evidence, but denied review (A.R. 1-5, 281-95). Plaintiff contends that the ALJ failed to state sufficient reasons for discounting Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from

///

///

///

material[1] legal error. Plaintiff's contrary arguments are unavailing.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

The ALJ accurately stated: "There is only minimal evidence of any actual medical treatment in this case" (A.R. 36). An unexplained failure to seek medical treatment frequently, or evidence of minimal medical treatment, may discredit a claimant's allegations of disabling symptoms. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995); accord Bunnel v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir. 1989).

The ALJ also observed that Plaintiff was not then taking any prescription medication for his allegedly disabling pain (A.R. 36). During the period of claimed disability, Plaintiff reported he took only "Ibuprofen/Motrin 500 mg. about three times a week" (A.R. 148; see A.R. 46; see also A.R. 169 ("He is self treating with home physical therapy and Motrin")).[3] A routine and conservative course of treatment, including the taking of only over-the-counter medication, may properly discredit a claimant's allegations of disabling pain. See, e.g., Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (treatment with over-the-counter

---

[3] According to records of medical treatment in August and September of 2014 (after the ALJ's adverse decision), Plaintiff was taking Naproxen at that time (A.R. 282-88).

5

pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain); Johnson v. Shalala, 60 F.3d at 1434 (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (characterizing physical therapy as conservative treatment).

The ALJ also correctly stated that Plaintiff was "looking for work" during the period of alleged disability (A.R. 36; see A.R. 50). A disability claimant's search for employment during the period of alleged disability can undermine the claimant's credibility. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (upholding ALJ's rejection of claimant's credibility where claimant had accepted unemployment insurance benefits "apparently considering himself capable of work and holding himself out as available for work"); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (fact that a claimant has sought out employment weighs against a finding of disability); see also Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) ("continued receipt" of unemployment benefits can cast doubt on a claim of disability); but see Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) ("That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself").

Additionally, the ALJ emphasized that the objective medical evidence undermined any assertion that Plaintiff suffers from disabling symptomatology (A.R. 36-37). Although a claimant's

6

credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's problems have not been, and are not now, as profound as he has claimed. After reviewing the medical record, the medical expert testified Plaintiff retains the residual functional capacity the ALJ found to exist (A.R. 52-54). A consultative examining physician observed Plaintiff had a normal gait, could stand on his heels and toes, sat comfortably and had no difficulty getting on and off the examination table (A.R. 171). This examining physician opined Plaintiff retains the capacity to work (A.R. 173-74). Subsequent to the ALJ's decision, imaging of Plaintiff's left knee yielded normal results (A.R. 294). No physician of record opined Plaintiff was ever permanently disabled from all employment. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990).

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's credibility may have been invalid, the Court nevertheless would uphold the ALJ's credibility determination under the circumstances presented. See Carmickle v. Commissioner, 533 F.3d at 1162-63 (despite the invalidity of one or more of an ALJ's stated reasons, a court properly may uphold the ALJ's credibility determination where sufficient valid reasons have been stated). In the present case, the ALJ stated sufficient valid reasons to allow

this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[4]

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 8, 2017.

　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　CHARLES F. EICK
　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[4] The Court does not determine herein whether Plaintiff's subjective complaints are credible. It is for the Administration, and not this Court, to evaluate the credibility of witnesses. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[5] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice).

8